[No. 4285.    Decided September 19, 1902.]

ROSARIO STRAITS PACKING COMPANY, *Appellant*, v. SUNSET PACKING COMPANY, *Respondent*.

RECEIVERS — ALLOWANCE OF CLAIM AGAINST INSOLVENT CORPORATION — RIGHT OF CREDITOR TO JUDGMENT IN SEPARATE ACTION.

Where a claim against an insolvent corporation has been passed upon by the receiver and the court and allowed, it is in effect a judgment in the insolvency proceedings, and the refusal of the court to enter judgment upon the default of such corporation in a separate action involving the same matter would not constitute error.

Appeal from Superior Court, Skagit County.—HON. GEORGE A. JOINER, Judge. Affirmed.

*Million & Houser,* for appellant.

*Quinby, Wells & Brawley,* for respondent.

PER CURIAM.—This case involves principally the question of the insolvency of the defendant packing company, the respondent, a pure question of fact.    From an examination of the whole record, and considering the character of the incorporation and the well-known fact that the production of fishing and canning plants is generally enormous for a short time and meets with ready sale, we

think the findings of the court were justified, and that, while the law of this state is too well settled to be questioned that the property of an insolvent corporation is an asset for the benefit of all its creditors, yet the testimony does not show the corporation to have been insolvent at the time the lien of the Boston National Bank attached. There is no evidence of fraud which would bring the case within the principles announced in the cases cited by appellant. An extended review of the testimony would not be beneficial. So far as the question of entering judgment is concerned, the appellant's claim has been passed upon by the receiver and by the court, and is in effect a judgment in that proceeding.

Affirmed.